CHIEF JUSTICE ROBERTSON
delivered the opinion op the court.
The female appellant’s first husband, Car, who owned land and other property, devised bis whole estate to her during her life or widowhood, without any devise over. After her subsequent intermarriage with her co-appellant, without ever renouncing the provision of the will, the surviving children of the testator, claiming the entire estate, brought this suit for partition of the land among themselves. Their title, during the devisee’s life, was denied on the ground that the determination of her estate, depending on an alternative condition, she had elected to hold it during life, and thereby waived her right to hold during widowhood! The circuit court, disregarding that defense, decreed partition among the heirs, and did not allow *368 her even dower. And on this appeal her counsel in this court, yielding her defense in the circuit court, insists that as the testator did not dispose of the remainder after her particular estate might cease, it should go by law just as if he had died intestate.
The only election the widow could make was between her interest under the will and her dotal and distributive interest against the will. By holding and enjoying the estate under the will, she renounced all claim to dower and distribution to which she would have been entitled had there been no will, or had she renounced the will; and by electing to marry she elected to renounce not the will, but the estate of her deceased .husband. She could not hold as devisee until she chose to marry, and then claim as if she had not so held or married.
The claim of her counsel, though more specious, is yet no more solid than her own ludicrous pretension.
Wherefore the judgment of the circuit court is affirmed.