AMANDA A. WARD

*v.*

THOMAS J. WARD *et al.*

*Filed at Springfield November 1, 1890.*

1. WILLS—*"election" by the widow—defined.* The term "election" implies a choice between different things. It is therefore impossible for a widow to make an election under a will when it gives only that which without it would pass to her by operation of law.

2. SAME—*declaration of acceptance—by widow—its effect.* Subsequent to the probate of a will, the widow of the testator executed a writing, to the effect that she thereby released and relinquished all her right of homestead, dower and widow's award under the statute, and elected to take the legacy given her by the will: *Held,* that this writing was no conveyance of anything, and, being purely voluntary, could not be enforced.

3. SAME—*renunciation by the widow—estoppel.* A widow will not be estopped from renouncing the will of her husband when the other devisees do not appear to have been injured by her renunciation, and where she has received nothing under the will that she would not otherwise have taken under the law.

APPEAL from the Circuit Court of Montgomery county; the Hon. J. FOUKE, Judge, presiding.

Mr. AMOS MILLER, and Mr. T. M. JETT, for the appellant:

There is no abandonment, waiver or conveyance of the homestead by the appellant. A release is not binding unless

acknowledged as deeds are. Rev. Stat. chap. 52, sec. 4; *West* v. *Krebaum*, 88 Ill. 263; *Trustees* v. *Hovey*, 94 id. 394; *Johnston* v. *Dunavan*, 17 Bradw. 59.

Before assignment, the widow can only release her dower to the owner of the fee. In this case, the release does not show to whom it is made, and there was no consideration for it. *Hoots* v. *Graham*, 23 Ill. 81; *Hull* v. *Glover*, 126 id. 122; *Best* v. *Jenks*, 123 id. 447.

When the interest of the husband has been divested, by process of law or otherwise, (here, by death,) the wife may convey her dower, but the deed must be duly acknowledged and properly certified, as required by the statutes. Rev. Stat. chap. 30, sec. 16; *Bute* v. *Kneale*, 109 Ill. 652.

The statute gives the widow the right, within one year, to file her renunciation under the will. From the moment the will is probated the law elects for her, unless she sees fit to exercise her right to file her renunciation. If she does nothing within the year, the law fixes her rights, and elects for her to take under the will. Can she, by an act, change her rights when the law fixes her rights without any act on her part? She is, by the express terms of the statute, deemed to have elected to take under the will, if she fails to pursue the mode which the statute points out, within one year. Rev. Stat. chap. 41, secs. 11-13.

There can be no estoppel, for the reason no one has been injured by the widow's acts. Herman on Estoppel, p. 514, secs. 545, 546.

Mr. D. H. ZEPP, and J. M. TRUITT, for the appellees:

Before assignment, a widow can release her dower only to the owner of the fee. *Blain* v. *Harrison*, 11 Ill. 384; *Summers* v. *Babb*, 13 id. 483.

If a married woman joins with her husband, by signing a deed, properly acknowledged, she thereby releases and extinguishes her right of dower, although she does not thereby re-

lease her right of homestead, because her name is not in the body of the deed. *Ayers* v. *Hawks,* 1 Bradw. 600; *Johnson* v. *Montgomery,* 51 Ill. 185.

Wherefore, her deed, in such cases, does not operate by the way of grant of any title, but by way of estoppel, so that the words of release on her part are as effectual as any words ·of grant. *Stearns* v. *Swift,* 8 Pick. 532; *Learned* v. *Cutler,* 18 id. 9; *Dundas* v. *Hitchcock,* 12 How. 256; *Malloney* v. *Horan,* 49 N. Y. 111.

A devise to a widow, of any interest in land, will bar her dower. *Jennings* v. *Smith,* 29 Ill. 116; *Brown* v. *Pitney,* 39 id. 468.

An election may be determined by matter *in pais* as well as by matter of record, but it can only be by plain and unequivocal acts, under a full knowledge of all the circumstances and of a party's rights; and a bare acquiescence, without a deliberate and intelligent choice, will not be an election. *Duncan* v. *Duncan's Exrs.* 2 Yeates, 302; *Cauffman* v. *Cauffman,* 17 S. & R. 16; *Bradford* v. *Kent,* 7 Wright, 474; *Anderson's Appeal,* 12 Casey, 476; *O'Driskoll* v. *Kager,* 2 Dessaus. 295.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal brings before us for review the decree of the circuit court of Montgomery county dismissing the bill in a suit therein, wherein Amanda A. Ward, widow of Thomas R. Ward, deceased, is complainant, and William R. Ward, Thomas J. Ward and Sarah Sanders are defendants, praying that a trust be decreed in favor of the complainant in a certain 26⅔ acres of land, and that homestead be set off and dower assigned to her in other lands whereof Thomas R. Ward died seized.

The evidence· utterly fails to establish a trust in the 26⅔ acres of land, as alleged in the bill, and to show any other

ground entitling appellant to equitable relief in respect there-
to, and we deem it unnecessary to say more in that respect.
The only question fairly presented by the record is, whether
appellant is, by the facts in evidence, estopped from saying
that she has renounced the devises and bequests to her in the
last will and testament of Thomas R. Ward. That instru-
ment was admitted to probate on the 15th of August, 1888.
On the next day appellant executed the following instrument:

"STATE OF ILLINOIS,   } ss.
    *Montgomery County.* }

"I, Amanda A. Ward, widow of Thomas R. Ward, deceased,
do hereby release and relinquish all my right of homestead,
dower and widow's award under the statute of this State, and
I do hereby elect to take the legacy given me by the will of
my late husband, Thomas R. Ward, deceased.

"Witness my hand and seal, this 16th day of August, A. D.
1888.                AMANDA A. WARD.   (Seal.)"

She also, at the same time, executed a receipt for certain
articles in the appraisement bill which she selected and took.
On the 24th of January, A. D. 1889, appellant executed, and
filed in the proper office, a renunciation of the provisions in
the will in her favor, in the form prescribed by section 13,
chapter 41, of the Revised Statutes of 1874.

The will gives the real estate whereof the testator died seized,
in distinct tracts described, in severalty, to the three defend-
ants, respectively, upon condition that they pay the testator's
wife, (appellant,) during her life, one-third of all the hay, pas-
ture, grain, fruit, etc., raised on the land, and the use of one-
half of the dwelling house and garden, and also two° cows,
three hogs, and household and kitchen furniture as she shall
direct; and it recites that J. W. Sanders, who is the husband
of Sarah Sanders, is indebted to the testator in the sum of
$100, for about $7\frac{1}{2}$ acres in the $26\frac{2}{3}$ acre tract wherein appel-
lant claimed a resulting trust, purchased by him of the tes-

tator, and it directs that said Sanders pay $25 of that amount to the complainant.

The evidence shows that appellant received all of the articles of personal property bequeathed to her before she executed the renunciation, and also payment of the $25 from J. W. Sanders; that she divided the house and the garden with Thomas J. Ward, and took exclusive possession of one-half only, as directed by the will; and there is evidence tending to show that she has received the produce of the lands, as provided by the will, since the filing of her bill. We are unable to perceive, here, evidence of anything received by appellant which she could not have received had no will been made. The value of the specific articles selected and taken by her is shown to be only $74.25, while the value of the specific articles to which she is entitled under the statute is proved to be $743, showing that she might have received much more than she has received, without any will. The term "election" implies a choice between different things, and it is therefore impossible that there can be an election where the will gives only that which, without it, passed by operation of law to the party.

The evidence here fails to show grounds for an estoppel, because it does not appear that appellees have been injured by the act of appellant. There can be no pretense that the instrument signed by appellant on the 16th of August was a conveyance of anything. It was intended only as evidence that appellant had taken under the will; but since it was purely voluntary, it can not be enforced.

The decree of the court below is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Decree reversed.*