## Williams v. Williams, Executor, et al.

(Decided November 17, 1914.)

### Appeal from Mercer Circuit Court.

1. Wills—Renunciation By Widow.—A widow voluntarily agreeing in writing to accept the provisions of her husband's will may thereafter within twelve months renounce the will and take under the statute when this may be done without prejudice to any who has in good faith acted on her acceptance of the will.

2. Wills—Renunciation By Widow.—In such a case she will not be entitled to judgment against the administrator for the personal property sold by him on the faith of her acceptance of the will,

but this money having been paid on the debts she may look to the land which should have been sold to pay the debts.

C. E. RANKIN and A. J. BIZOT for appellant.

R. W. KEENON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Section 1403 Kentucky Statutes provides that certain articles of personal property not exceeding in the aggregate $750.00 in value, shall be set apart to the widow by the appraisers out of the estate of an intestate. The section concludes with these words:

"The provisions of this section shall apply to cases where the husband dies testate, and the widow renounces the provisions of the will in the time prescribed by law."

Section 1404 provides:

"When a widow claims her dowable and distributable share of her husband's estate, she shall be charged with the value of any devise or bequest to her by his will; or she may, though under full age, relinquish what is given her by the will, and thereupon receive her dower and distributable share as if no will had been made; but such relinquishment must be made within twelve months after the probate, and acknowledged before and left for record with the clerk of the court where the probate was made, or acknowledged before a subscribing witness, and proved before and left with the clerk." (Sec. 1404.)

O. S. Williams died testate, a resident of Mercer County, on March 16, 1912. By his will, which was duly admitted to probate, he made a certain provision for his wife, Sarah E. Williams. On March 13, 1913, she filed with the county court clerk, her relinquishment of the will duly authenticated, and a day or two later brought this suit for the settlement of the estate and the allotment to her of what was coming to her by law as his widow. J. Clay Williams, the administrator, with the will annexed of O. S. Williams, and certain of its distributees, filed an answer in which they pleaded that on March 20, 1912, the plaintiff, Sarah E. Williams, filed with the clerk of the Mercer County Court her acceptance of the will duly authenticated, by which she expressly waived her right to take under the statute, and waived the time allowed her under the statute; that this she did after consideration of all her rights, and that after this,

without objection on her part, the administrator had sold the personal property and she had collected the rents from the property willed to her; that he had distributed the proceeds of the estate in paying the debts, and had sold one piece of land for $250.00, which he also used in paying the debts. They pleaded these facts as an estoppel to her right to take under the statute; she demurred to the answer; her demurrer was overruled and she declining to plead further, her petition was dismissed. She appeals.

It will be observed that under the statute the widow is entitled to take what the law gives her if she renounces the provisions of the will as therein provided within one year. It will also be observed that the plaintiff has literally followed the statute and is entitled to its benefits unless the facts pleaded in the answer constitute an estoppel. The rule is that an election, once deliberately made, cannot afterwards be recalled; but the statute does not provide that the widow may elect within twelve months between the provisions of the will and the provisions made for her by law. It provides that she shall be entitled to the provisions made for her by law if she renounces the provisions of the will within twelve months. The reason is that a widow will not usually understand her rights upon the death of her husband to whom she has always looked to attend to business matters for her, and so the law gives her twelve months to adjust herself to her new condition. The privilege is, however, intended as a shield, not as a sword, and she will not be allowed to use it to the prejudice of those whom she has actually misled. But subject to this qualification we have steadily enforced the statute as written. In MacCallister v. Brand, 11 B. Mon., 370, the testator devised to his widow certain bank stock, and after the will was probated she immediately wrote her will disposing of this bank stock at her death. A few weeks later she renounced her husband's will, although she had in the meantime lived in the mansion house and continued to use the personal property left on the premises by the executor. Holding that she was not estopped to renounce the will, the court said:

"A widow is surely allowed to derive from the estate of her husband, according to its circumstances and the discretion of the executor, suitable means of support during the time allowed for election to abide by his will

or betake herself to the provisions made for her by law, and while her ultimate right to one or the other may be in suspense. And the mere fact that she lives upon the estate, as she might do either under the will or if there were no will, cannot affect her right of renunciation, which being absolute if made within the term prescribed in the statute, can only be defeated, if at all, by some act amounting to an estoppel, or to such appropriation of property as precludes its restoration, and as could only be made by virtue of the will, and could not properly be regarded as mere matter of charge or account when her right is ultimately fixed by renunciation or by failure to renounce.''

In Brown's Executor v. Brown, 22 R., 840, when the personal property was appraised, the widow informed the appraisers that she did not desire any of the personal property of the testator set aside to her, but that she claimed under the will; there was cash on hand $213.05; the will gave the widow one-fifth of this; she immediately demanded and received one-fifth of the money. It was insisted that by this conduct she was estopped to renounce the will. After quoting the statute the court said:

''By this provision of the statute the widow is given twelve months to familiarize herself with the nature and extent of the estate left by her deceased husband, and to determine whether she will claim under the will or renounce its provisions and claim under the statute of descent and distribution. And the fact that during this interval of time she may have received some property from the estate of her deceased husband makes no difference as to her rights under the statute. The fact is undisputed that she properly renounced the provision made for her by the will within sixteen days after its probation, and there is no evidence that the executor or devisees were in any manner prejudiced by her failure to make her election on the day the will was probated. The property turned over to her by the executor and appraisers was of less value than the amount due her under the statute, and in the judgment of the court she was properly charged with the amount and value thereof.''

In Ward v. Ward, 134 Ill., 417, the widow, as here, after the probate of her husband's will, executed a writing declaring that she elected to take the legacy given her by the will and not her rights under the statute. She

afterwards renounced the will; the court held that she was not estopped to do so by the writing she had signed or by the fact that she had received certain things under the will amounting to no more than she would have received under the statute. The court said:

"The evidence here fails to show grounds for an estoppel, because it does not appear that appellees have been injured by the act of appellant. There can be no pretense that the instrument signed by appellant on the 16th of August was a conveyance of anything. It was intended only as evidence that appellant had taken under the will; but since it was purely voluntary, it cannot be enforced."

The same conclusion was reached by the Supreme Court of North Carolina in Yorkly v. Stinson, 97 N. C., 236, where as here, the plaintiff in writing, gave her assent to the will and had received certain property. In answer to the argument that she had made an election and could not be heard to reverse it, the court said:

"There would be much force in this reasoning, if the administration had been conducted upon the faith of her adhesion to her declared purpose, to abide by the instrument, supported by her receiving the benefits it gives her, and dispositions made of the funds or obligations assumed, incompatible with the present claim, and which could not now be disturbed without loss or detriment to the executor, who relied upon her good faith in what was afterwards done. Such a case might furnish ground for an equitable estoppel against the right of dissent, and deny to her the statutory relief. But no such difficulties are suggested, and so far as appears, the return of the legacies and of rents for which the plaintiff may be liable, would restore the state of things existing at the original probate, and leave open the pathway to a due administration of the estate, without interfering with intermediate rights or interests of the personal representative or of others. The statute allowed six months from probate within which a widow may make an election to take under the will, or against it under the law, and this period is given in order that she may fully learn the condition of the estate and the advantages to be derived under the provisions made for her, as compared with those accruing, as in case of an intestacy, and thus to considerately and intelligently exercise her right to dissent."

The reasoning of these opinions seems to us sound. The administrator, having sold the personal property, relying on the widow's assurance in writing that she would accept the provisions of the will, she cannot complain that he sold the property or have any judgment against him based thereon; but if property was sold to which she was entitled and the proceeds used to pay the creditors, when otherwise land should have been sold to pay the debts, she may look to the land for the money which should have been paid to her and which was used to pay the debts. She should be charged with what she has received, but the fact that she has got less than the law gives her, does not estop her from claiming what the law gives her. There is nothing in the record to indicate that the distributees will be placed in any worse position now than they would have been if the widow had renounced the will on the day that she signed the writing accepting its provisions, and there is no reason why the distributees should be enriched at her expense when the statute gives her the right to renounce the will within twelve months.

We therefore conclude that the circuit court erred in overruling the demurrer to the answer.

Judgment reversed and cause remanded for further proceedings consistent herewith.