## Craven, et al. v. Craven, et al.

(Decided September 27, 1918.)

### Appeal from Boone Circuit Court.

1. Wills—Election by Widow.—A widow can have but one election with reference to accepting or rejecting the provisions of the will of her husband, and having elected she may not withdraw it except by proceedings in equity.

2. Wills—Renunication of by Widow.—Under section 1404, Kentucky Statutes, a widow, in the mode pointed out, may renounce the will of her husband, and take under the statute; but having renounced the will in the mode prescribed she may not withdraw her renunciation thereof even by a paper similarly executed, without the consent of a court of equity given upon proper showing.

D. E. CASTLEMAN for appellants.

S. W. TOLIN, EDGAR C. RILEY and BENJ. H. RILEY for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

By the will of John T. Craven the following is the only provision which he made for his aged wife: "I bequeath to my beloved wife, if she survives me, all of my bank stock of twelve shares at Erlanger, to have and to hold during her life, the proceeds for her use and benefit during her life after her death, the bank stock to go to the trustees of Universalist church for the use and benefit of the church."

He left an estate valued at about $50,000, consisting of lands and personal property. He was past ninety years of age and his wife was past eighty at the time of his death. They had been married and living together for more than fifty years, but had no children. The principal part of his estate he bequeathed to his nephews and nieces. The will of date April 22, 1910, with the codicil of date November 9, 1913, was probated in the Boone county court on the 7th of September, 1914. The widow,

who was named in the will with O. M. Rogers as executrix, declined to qualify as such and Rogers qualified as the sole executor of the estate under the will. On May 29, 1915, the widow prepared, signed, acknowledged and left with the clerk of the county court, where the will was recorded, the following renunciation:

"In the Boone County Court.

"In the matter of the estate of J. T. Craven, deceased.

"Whereas John T. Craven departed this life a citizen of Boone county, Kentucky, on the 4th day of August, 1914, after having made and published his last will and testament, which said last will and testament was, by order of the Boone county court, at its regular term, on the 7th day of September, 1914, duly probated and admitted to record, and

"Whereas, the devise made in said will to his surviving widow, Jane A. Craven, of the income of twelve shares of the capital stock of the Erlanger Deposit Bank is less than the value which she, the said widow, would be entitled to receive of his estate under the law;

"Now, this instrument witnesseth: That the said Jane A. Craven, the surviving widow of the said John T. Craven, deceased, does hereby renounce said last will and testament of her said deceased husband, J. T. Craven, and does hereby relinquish all claim to the bequest made to her by the provisions of said last will and elects to take and receive such share or portion of his estate to which she, as his surviving widow, is by law entitled.

"Witness my hand this 29th day of May, 1915.

"J. A. CRAVEN."

On August 2, 1915, the widow, Mrs. Craven, filed a disclaimer of the renunciation above set out in the following words:

"State of Kentucky,

"County of Boone.

"Having been advised that I have signed a paper renouncing the will of my late husband, John T. Craven, thereby expressing dissatisfaction with the manner in which he disposed of his estate, I now state that if I signed such a paper I did not understand its meaning and effect, and as I have at all times since his death desired this estate to go the way his will directed, I there-

fore withdraw and cancel said renunciation in favor of the devisees, under his will, so that said devisees, including myself, will take his estate as provided in his will, and for that purpose I do relinquish to them all interest in his estate, except what he devised to me.

"Witness my hand this August 2nd, 1915.

"JANE A. CRAVEN."

Under the provisions of the will the widow would receive approximately $120 a year from the estate of her husband. The bank stock, $1,200, was yielding about ten per cent annually. She was old and helpless and almost imbecile. Indeed, she was so declared, after due trial, in the Boone county court, only a few months after she filed the disclaimer of renunciation. The question is, can the widow, after having elected to renounce the will of her husband, recall that election and thereafter stand by the will? By section 1404, Kentucky Statutes, it is provided that "when a widow claims her dowable and distributable share of her husband's estate she shall be charged with the value of any devise or bequest to her by his will: or she may, though under full age, relinquish what is given her by the will, and thereupon receive her dower and distributable share as if no will had been made; but as such relinquishment must be made within twelve months after the probate, and acknowledged before and left for record with the clerk of the court where probate was made, or acknowledged before a subscribing witness, and proved before and left with the clerk."

An election, as used in the statute just quoted, is an obligation imposed upon a devisee to choose between two inconsistent or alternative rights. Before an election is necessary it must appear in the will that there was a clear intention on the part of the testator to dispose of the property over whose disposition he has not, as against the party put to his election, the power of disposal. In other words, the widow, in a case like the one under consideration, must elect or choose between the devise under the will and that which she is entitled to by statute, and when she makes such choice it is usually called an election. The right of election is personal to the individual in whom such claims inhere, and cannot be exercised by another for him, except that a court of equity may, upon proper showing and in the interest of

its ward, make such election. By our statute the election must be made within twelve months from the probate of the will unless there be a contest, in which event additional time is given. But can a widow who has elected to renounce the will, as in this case, withdraw her election and have a second election? The general rule is when a widow deliberately elects to renounce the will that she cannot thereafter recall it. But there are some exceptions to this rule, as where she is not in the possession of all the facts, is deceived, misled or overreached, or where the devise fails, or the election is conditional. In Cyc., Vol. 40, page 985, it is said: "Under proper circumstances an election may be withdrawn or revoked, as where there has been an election to take under the will and the provision in the will fails, or the will itself proves invalid, or where the election was conditional and the condition has not been fulfilled." But the rule generally recognized is that the widow can have but one election, if deliberately made, and is free from fraud, undue influence and to her advantage. The same authority above cited says: "Where an election has been filed in court, it cannot be withdrawn or revoked without an order of court permitting such action." An election under our statute is required to be made in a specific manner. It must be signed and acknowledged before an officer, or attested by a witness who shall prove it before the county court clerk, and be left with the clerk for record and recorded. In the case of Williams v. Williams' Exrs., 161 Ky. 55, it was said: "The rule is that an election, once deliberately made, can not afterwards be recalled." There is good reason for this rule. The widow is given one year from the probate of the will in which to make her election in order that she may deliberate upon the matter and ascertain her rights, but when the election is once made in the form provided by the statute, she may not, without the consent of a court of equity, withdraw it, and then only for good reason shown. A contrary rule might produce much confusion and would be open to the objection that it produced litigation rather than discouraged it. Where the widow makes an election which is against her interest and which was induced by fraud, misrepresentation, or any untoward intervening cause she may have relief in chancery if she make timely application and present reasonable cause. But this she cannot have if the rights of innocent persons intervene. While the rights of

no innocent person would be transgressed by the recall of the renunciation in this case, yet the widow, by her renunciation, surrendered and cast back into the estate all her right and interest in and to the twelve shares of bank stock which was devised to her, and this, by the statute, was lawful and the estate was fully reinvested with all the interest which the widow took under the will. This was an unilateral act; a personal right granted by the statutes to the widow. Having exercised the right and relinquished her claim to the bank stock, it would be utterly impossible for the widow, without the consent of the other devisees, to reinvest herself of that which she had willingly and in the manner prescribed by the statutes, divested herself. A court of equity might relieve against such a situation if the facts justified it, but it could not be accomplished otherwise.

This subject was discussed with much learning in the case of McCallister v. Brand's Heirs, 11th B. Mon., 395. A case exactly in point, however, is Davis v. Davis, 11th Ohio State, 386, where it is said: "We can by no means assent to the proposition that an election once made and declared, in the form prescribed by law, is thereafter revocable at her pleasure, even though no new interest shall have intervened. The statute has taken every needful precaution to protect a widow's rights and guard her from imposition. It gives her a full year, if she desires it, for inquiry and deliberation so that she may have ample time to ascertain the situation and value the estate and the extent of its liabilities as well as the relative value of the rights secured to her by the will. . . . To hold that an election thus made and declared is at any time thereafter revocable at the mere pleasure of the party making it would render the law itself a mere mockery."

Other questions are presented which we deem it unnecessary now to consider.

We concur in the conclusion reached by the trial court and the judgment is therefore affirmed.