## Brewer's Executor et al. v. Smith et al.

(Decided January 26, 1932.)

E. H. GAITHER and C. E. RANKIN for appellants.

R. W. KEENON and B. R. MOORE for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

H. C. Smith, a resident of Mercer county, Ky., died testate in the year 1917 and left surviving, as his only children and heirs at law, Charles Smith, Will Smith, Mary Smith Brewer, Price Smith, and Ida Smith Brewer, wife of John Brewer. Subsequent to the death of his father, Will Smith died leaving as his only heir at law a son, Carroll Smith. Ida Smith Brewer, to whom no children were ever born, also died. By his last will, H. C. Smith devised to each of his five children one-fifth of his estate in fee simple.

After the death of Ida Smith Brewer, John Brewer remarried. He died testate in March, 1931, and left surviving his widow, Camilla Brewer. On April 19, 1931, the three children of H. C. Smith and Carroll Smith, son of Will Smith, deceased, instituted this action in the Mercer circuit court against the widow of John Brewer, and Donald Edwards who had been appointed his executor. In addition to a recital of the foregoing facts, the petition, as amended, alleged in substance the following:

Some time prior to his death, H. C. Smith made a will whereby he devised one-fifth of his estate to Ida. Smith Brewer for life with remainder at her death to his heirs, but devised to each of his other four children one-fifth of his estate in fee simple. His daughter, Ida Smith Brewer, learned of the provision made for her by her father in his will and discussed the matter with her husband. A short time before Smith's death, they went to the home of her father and discussed the matter with him. They entered into an agreement with H. C. Smith that if he would change his will and devise to Ida Smith Brewer one-fifth of his estate in fee simple instead of an estate for life, she and her husband would make wills whereby each would devise to the other their respective estates; that in the event of the death of John Brewer before the death of his wife, she would make a new will and convey her property to the heirs of her father, and if she should die before her husband, he would make a

new will and devise the property devised to him by Ida Smith Brewer to the heirs of H. C. Smith.

After this agreement, each of them made a will in conformity with the terms thereof, but after the death of Ida Smith Brewer, John Brewer failed to make a will devising the property he had received under the will of his wife, Ida Smith Brewer, or any part thereof, to the heirs of H. C. Smith, but, instead, and after his second marriage, made a will devising to his second wife the bulk of his estate, including the property he had received from Ida Smith Brewer. Under the will of H. C. Smith, Ida Smith Brewer received $11,094.68, which was paid her in cash, and under her will, John Brewer received in notes, cash, and other personal property the sum of $11,640.39.

By answer the defendants controverted the allegations of the petition, and by second paragraph pleaded the five-year statute of limitation as a bar to plaintiffs' right of recovery. By amended answer which was made a cross-petition against the First Mercer National Bank of Harrodsburg, and the Methodist Church South of Harrodsburg, Donald Edwards, executor, stated that there had come into his hands as executor personalty appraised at $3,501.36, and that the testator owned real estate in Harrodsburg of a probable value of $7,500 and also certain lots in the state of Florida which are of little if any value. He asked that the First Mercer National Bank and the Methodist Church South of Harrodsburg be required to assert any claim they have against the estate and for a full, final, and complete settlement of the estate and for the advice of the chancellor as to the settlement and administration thereof.

Camilla Brewer filed a petition in which she asked the court for an extension of time in which she might elect whether she would renounce the provisions of her husband's will. Issues were completed by appropriate pleadings.

On final hearing it was adjudged that plaintiffs recover of the executor the sum of $11,673.79 with interest from the date of the judgment, which sum was allowed as a claim against the estate of John Brewer, and the case was referred to the master commissioner to ascertain any additional indebtedness and assets of John Brewer, and to audit and settle the accounts of the executor. It was adjudged and ordered that in order to settle

the estate of John Brewer, and pay the indebtedness thereof, including plaintiffs' claim, the real estate be sold. It was further adjudged that Camilla Brewer be allowed until April 6, 1933, in which to determine whether she will renounce the will of John Brewer. The judgment reserved for further adjudication the motion of the executor and his attorney for a reasonable allowance for their services.

From the judgment in favor of plaintiffs and allowing the amount of the recovery as a claim against the estate, the executor and Camilla Brewer have appealed; and from so much of the judgment as extends the time in which the widow may elect whether she will renounce the provisions of John Brewer's will, and allows the amount of the recovery as a general and not as a preferred claim against the estate, plaintiffs have prosecuted a cross-appeal.

It is admitted by counsel for appellants that a person may make a valid and binding parol contract to dispose of his property in a particular way, and that one aggrieved by a breach of such contract is not without remedy. Illegality of the contract alleged to have been entered into between Mr. and Mrs. Brewer and her father is not made a basis for argument that the lower court's judgment be reversed. The argument for reversal is grounded on the theory that the evidence is not sufficient to establish such a contract between the parties. A careful reading of the brief, however, reveals that this argument goes more to the credibility of the witnesses than it does to the quantum of the evidence.

Counsel for appellants are supported by unanimity of authority that claims of the character made by appellees and rested solely upon parol evidence should receive the closest and most careful consideration and should be established by positive, explicit, and conclusive evidence of disinterested witnesses.

Counsel for respective parties make controversy over the propriety of the lower court's ruling that appellee Charles H. Smith is an incompetent witness as to the statements and transactions between the parties to the alleged agreement. Clearly this evidence comes within the interdiction of section 606, subsec. 2, Civil Code of Practice. The claim of appellees, plaintiffs below, was a joint claim, and Charles Smith was testifying in his

own behalf as well as in the behalf of other parties plaintiff. Their interests are not severable, but are so interwoven that all must succeed or fail together. In such circumstances, this evidence is forbidden under the rule laid down in Dunbar v. Meadows, 165 Ky. 275, 176 S. W. 1167, and cited with approval in Gernhert et al. v. Straeffer's Ex'r et al., 172 Ky. 823, 189 S. W. 1141. Manifestly the lower court's ruling with respect to the competency of this witness was proper and the judgment must find support in the evidence of other witnesses.

Nancy Smith, divorced wife of Charles H. Smith, and Rebecca Sallee, a colored nurse, were present when the alleged agreement was made at the home of H. C. Smith. Their evidence clearly discloses that as an inducement to Mr. Smith to change the provisions of his will, Mr. and Mrs. Brewer proposed that they would make mutual or reciprocal wills whereby her share in the estate would *ultimately* find its way back to those of his blood. And while it might be said that their evidence is lacking in qualities of definiteness and certainty as to an actual agreement reached between the parties, subsequent events and evidence as to statements by Mr. Brewer leave little escape from the conclusion that an agreement was entered into whereby the respective parties would make testamentary disposition of their property as alleged in the petition.

M. S. Clark, a Methodist minister, and former pastor of the M. E. church at Harrodsburg, testified that after the death of Ida Smith Brewer, John Brewer told him of the agreement and understanding between the Brewers and H. C. Smith. A number of other witnesses testified as to statements of like tenor and import made by John Brewer. The evidence as to these statements made by him clearly indicates that the parties entered into the agreement alleged in the petition and that he recognized his obligation to dispose of the property received under the will of his deceased wife in accordance with the provisions thereof.

While the chancellor's finding of fact in equity cases is not conclusive and this court will consider and weigh the evidence for itself, it is a fixed policy of this court not to disturb such finding unless against the weight of the evidence or if the evidence does nothing more than raise a doubt as to the correctness of the chancellor's conclusions. Charles v. Charles, 199 Ky. 208, 250 S. W.

855; Jones v. Ky. Glycerine Co., 226 Ky. 676, 11 S. W. (2d) 713.

On cross-appeal, it is first urged by appellees that the court erred in extending the time within which the widow may elect whether she will renounce the will of her late husband. Under the provisions of section 1404, Kentucky Statutes, such election must be made within twelve months after the probate of the will. But in the case of Smither v. Smither's Ex'r, 72 Ky. (9 Bush) 230, it was held that where the condition of the property and estate is such that an intelligent election cannot be made within the time prescribed by the statute and the widow is made a party defendant to a suit asking for a settlement of the estate, she may invoke the aid of the chancellor to postpone the election pending the ascertainment of the liabilities of the husband's estate.

It is further urged by appellees that the court erred in not adjudging the amount of their recovery to be a preferred claim against the estate. But in a brief disclosing exhaustive study, research, and citation of authorities bearing on other questions, none are cited in support of this contention.

Clearly, appellees are not entitled to preference under the provisions of section 3868, Ky. Statutes, since the amount of the estate of Ida Brewer which passed into the hands of John Brewer was not committed to him by a court of record as a fund or trust for the benefit of another. Nor is their claim a lien upon any specific property within the meaning of section 3869 of the Statute; and so far as our research discloses these are the only sections of our Statutes dealing with preference or priority in payment of claims by personal representatives. Manifestly it would be inequitable to give appellees preference over creditors or purchasers for value without notice of their claim.

Other questions argued by appellees were not determined, but were reserved by the chancellor for further adjudication, and therefore cannot be considered on this appeal.

Judgment affirmed on both the orignial and the cross-appeal.