## Moise v. Moise's Ex'r et al.

September 24, 1946.

Davis, Boehl, Viser and Marcus for appellant.

Wallis Downing for appellee Fidelity & Columbia Trust Co.

Lawrence S. Grauman for appellee W. L. Lyons & Co.

Edward A. Dodd for appellee Haden Moise, Jr.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Matt Haden Moise, Sr., died May 6, 1942. His will was probated May 19, 1942, on which date Fidelity & Columbia Trust Company, now Citizens Fidelity Bank & Trust Company, qualified as executor of the will. On August 20, 1942, W. L. Lyons & Company filed a claim with the executor against the estate, which, after much litigation, finally was allowed in full by the Master Commissioner and confirmed by the chancellor, whose judgment has been affirmed in an opinion rendered on this date. Fidelity & Columbia Trust Co., Ex'r, etc., v. Lyons, etc., 302 Ky. 843, 196 S. W. 2d 605. It appears from the record that the payment of this claim will render the estate insolvent. Appellant, who is the widow of the deceased, knew of the claim of W. L. Lyons & Company shortly after it was filed, but concluded that the claim could not be sustained in its entirety; and, relying upon her judgment, failed to renounce the provisions of the will within twelve months after its probate. In the origi-

nal hearing on the Lyons' claim, the Chancellor sustained a plea of the five-year Statute of Limitations, KRS 413.120, in bar of the claimants' right to recover. That decision was reversed by this Court in Lyons et al. v. Moise's Ex'r, 298 Ky. 858, 183 S. W. 2d 493, which opinion was rendered November 3, 1944, and petition for rehearing denied December 8, 1944. Still appellant did not take any step to renounce the will until November 2, 1945, which was barely one year after the rendition of the opinion above referred to, and which was three years, five months, and fourteen days from the date the will was probated. On November 2, 1945, appellant petitioned the Court for an extension of time in which to determine whether or not to renounce the will, contending that previous to that time she could not intelligently ascertain the condition of the estate, and for that reason was not in position to determine whether a renunciation of the will would be to her best interests.

Cases are cited in support of this contention, notably Smither v. Smither's Ex'r, 72 Ky. 230, 9 Bush 230; also Brewer's Ex'r v. Smith, 242 Ky. 175, 45 S. W. 2d 1036; and Ramsey's Ex'r v. Ramsey, 243 Ky. 202, 47 S. W. 2d 1059. In each of those cases the widow petitioned the Court for an extension of time before the expiration of the twelve month period; and we held that, where the facts warrant the conclusion that the widow, within the statutory period of time, cannot determine intelligently the course which will serve her best interests, the Chancellor may extend the time for renunciation for such period of time as will afford her an opportunity to ascertain her rights, provided no intervening equities shall have been acquired. But no case has been called to our attention where, the twelve month period having expired, the Court approved the allowance of additional time to determine whether or not to renounce. On the other hand, the reasoning contained in the opinion of McGinnis v. McGinnis' Ex'r, et al., 300 Ky. 759, 190 S. W. 2d 323, which we feel constrained to follow, forces us to the conclusion that the Court is without authority to grant additional time for renunciation, unless requested to do so before the expiration of the time prescribed by Statute; although, in that case, we were presented with the converse of the situation now confronting us. In the McGinnis case, the widow, upon advice of counsel, renounced the will within the statutory period of time;

subsequently, upon the advice of other counsel, but after the twelve month period had expired, she petitioned the Court to be permitted to withdraw her renunciation and take under the will. In rejecting her contention that the Chancellor erred in refusing to permit this to be done, this Court recognized the right of a widow to withdraw her renunciation, if her application be timely made, i. e., before the expiration of the statutory period for renunciation, provided she can show that her original decision was against her interests, or was induced by fraud, misrepresentation, or any untoward intervening cause, and provided further that the rights of innocent parties shall not have intervened. But the Court pointed out that this is an exception to the general rule, which is to the effect that, having deliberately elected to renounce, a widow may not thereafter recall her decision, as was held in Craven v. Craven, 181 Ky. 428, 205 S. W. 406, and cases therein cited. A widow's failure to renounce the will within the statutory period of time is tantamount to a formal declaration that she has elected to take under the will, and is as solemn and binding upon her as a renunciation would have been, if made. It seems to us that, if the Court is without power to permit the withdrawal of a renunciation after the period for renouncing has expired, it likewise is, without power to grant additional time to determine whether or not to renounce, unless application be made therefor within the time prescribed by Statute for the election.

In other cases wherein Statutes limit the time in which acts may be done, we have held that the Court may not extend such time, unless application therefor shall have been made before expiration of the time allowed by the Statutes. Bullitt County v. Galion Iron Works & Mfg. Co. et al., 192 Ky. 803, 234 S. W. 609, and cases therein cited; and S. K. Jones Construction Co. v. Hendley, 224 Ky. 83, 5 S. W. 2d 482.

The judgment is affirmed.