**Ruth HARLOW, widow of Carl Harlow, Deceased, et al., Appellants,**

v.

**Clarence HARLOW et al., Appellees.**

**Ruth HARLOW, widow of Carl Harlow, Deceased, Appellant,**

v.

**Clarence HARLOW et al., Appellees.**

Supreme Court of Kentucky.

May 20, 1977.

Cordell H. Martin, Hindman, for appellant.

Harry M. Caudill, Whitesburg, John M. Stephens, Pikeville, for appellees.

STERNBERG, Justice.

Ruth Harlow, widow of Carl Harlow, in her individual capacity and in her administrative capacity, attacks the validity of Carl's last will and testament and also seeks to set aside a settlement of claim that she made with Clarence Harlow, her brother-in-law, on the grounds that it was induced by duress, fraud and deceit.

Carl Harlow died testate on July 22, 1968, a resident of Letcher County, Kentucky. Carl and Clarence were partners in the "Harlow Motor Company." In 1955 each of them executed a will which contained a reciprocal provision relating to the disposition of the business upon the death of either of them. It was provided thereby that the survivor shall have all of the interest of the other upon the payment of $85,000 to the estate of the deceased brother.

On August 7, 1968, Ruth filed an application in the Letcher County Court to be appointed as the administratrix of her deceased husband's estate. On the same date she was duly appointed and duly qualified. Thereafter, but on the same date, Carl's will was discovered, and on the same date it was presented to the Letcher County Court for probate. It was duly probated and Ruth was appointed executrix thereof. She duly qualified and her bond in the sum of $120,000 was approved. Appraisers of the estate were duly appointed. To their report, Ruth, as executrix, filed exceptions, which were later overruled.

On September 23, 1968, Ruth, acting in her individual capacity and in her capacity as executrix of Carl's will, executed a receipt and release of all claims, demands and rights of action against Clarence Harlow and the property of every character owned by the Harlow Motor Company. In consideration therefor Clarence paid Ruth the sum of $87,000 and surrendered to her certain other personal items owned by Carl at the time of his demise, which were kept by Carl at the Harlow Motor Company.

On September 14, 1971, Ruth, acting in her individual capacity and as administratrix of Carl's estate, filed motions to set aside the order of the Letcher County Court dated August 7, 1968, probating Carl's will or, in the alternative, to allow her to file a renunciation as authorized by KRS 392.080. On February 23, 1972, the motions were heard by a special judge of the Letcher County Court. A transcript of the evidence is duly filed in the record. On April 30, 1973, the special judge entered an order overruling both motions.

On May 1, 1973, a statement of appeal from the April 30, 1973, order of the Letcher County Court was filed by Ruth, as wid-

ow of Carl, in the Letcher Circuit Court (Civil Action Number 4771). On the same date, as Carl's widow and administratrix of his estate, Ruth filed an original action in the Letcher Circuit Court against Clarence Harlow and others, in which she attacked the September 23, 1968, settlement (Civil Action Number 4772). She charged, among other allegations, that the "receipt and release of claim" dated September 23, 1968, was procured from her under duress, fraud and deceit. The allegations of the complaint were generally traversed and by affirmative pleading it is charged that the substance of the action is, in effect, to renounce the will of Carl Harlow and that Ruth had not complied with the provisions of KRS 392.080 in doing so. These two actions were consolidated on the trial court's own motion. In Action Number 4771 the trial judge sustained a motion to dismiss and in Action Number 4772 he sustained a motion for a summary judgment. Thereupon, both cases were dismissed.

█ Action Number 4771 is the attack on the probate of Carl's will. In considering the propriety of the court's action in sustaining the motion to dismiss, we must bear in mind that such motion will not be granted unless it appears that the plaintiff will not be entitled to relief under any state of facts which would be proven in support of the claim. *Ingram v. Ingram*, Ky., 283 S.W.2d 210 (1955).

"Since the dominion of an owner over his property ends at his death, the law must provide for the devolution of that property. If the owner has chosen to dispose of it by will, the property must pass according to the terms of the will; if there is no will, the law alone, through the rules of descent and distribution, accomplishes the transfer and designates the persons who are to take."

23 Am.Jur.2d, Descent and Distribution, § 1, p. 749.

In Kentucky, upon a person's death, we have provided for the devolution of property either by testate succession (KRS Ch. 394) or by intestate succession (KRS Chs. 391, 392). In *Eckert v. Givan*, 298 Ky. 621, 183 S.W.2d 809 (1944), this court said:

"Ella Hiller qualified as the executrix under the will of her deceased husband. She had the right of electing either to take under the will or of renouncing the will and taking under the law of descent and distribution."

█ In the case at bar the facts pertaining to this aspect of the case are not in dispute. The will was probated August 7, 1968. The record reflects that actually two renunciations were filed. One renunciation was certified by the Clerk of the Letcher County Court (erroneously designated as Clerk of the Letcher Circuit Court) to have been acknowledged by Ruth and filed on the ___ day of August, 1972 (sic). A notation at the top of the document indicates that it may have been filed September 13, 1972. The other renunciation was certified by the Clerk of the Letcher County Court to have been acknowledged by Ruth on October 2, 1972, and filed on September 29, 1972, which was three days prior to its acknowledgment. Regardless of whether the renunciation was executed or filed in August, September or October, 1972, the filing was more than twelve months after the probate of the will. As a matter of fact, the filing of the renunciation in any event was at least four years after the probate of Carl's will. KRS 392.080 deals with the renunciation of a will by a surviving spouse. To paraphrase the statute, we find that Ruth would have had to file her renunciation by August 7, 1969. This, she did not do.

█ This court has held that if a widow fails to renounce the will of her husband making provision for her, she must take the estate given by the will. *Moise v. Moise's Ex'r*, 302 Ky. 843, 196 S.W.2d 607 (1946); *Huhlien v. Huhlien*, 87 Ky. 247, 8 S.W. 260 (1888); *Smith et ux. v. Bone etc.*, 70 Ky. 367, 7 Bush 367 (1870); *Chenault v. Scott*, 23 Ky.Law Rep. 1974, 66 S.W. 759 (1902). Furthermore, in *Mercer v. Smith*, 32 Ky. 1003, 107 S.W. 1196 (1908), we held that a widow may not appeal from the order probating her husband's will. If she does not approve of its provisions, under the express terms of Ky.St.1903, § 1404 (now KRS 392.-

080), she may renounce them and take under the law; that being an exclusive remedy by which she can obtain her legal rights as her husband's widow.

If Ruth were permitted to proceed with her will contest (No. 4771) and succeed in having the will set aside and held for naught, she would then share in Carl's estate as if he had died intestate. To accomplish the same result, all she had to do was to file a renunciation of his will and she would have received her share as if he had made no will. The difficulty in which Ruth finds herself in the instant case is that she waited over four years to file a renunciation. This is of her own doing, and she will have to make the best of it. The trial judge properly dismissed the action.

We next turn our attention to the action in which Ruth challenges the September 23, 1968, settlement with Clarence Harlow (No. 4772). The trial judge sustained a motion for summary judgment.

■ The complaint was filed by Ruth as widow of Carl and as administratrix of his estate. The defendants therein are Clarence Harlow, Harlow Motor Company, Harlow Motor Company, Inc., Universal C.I.T. Corporation, Ford Motor Company, First Security Bank, Bank of Neon, Bill Harlow and Kenneth Harlow. The complaint charged that the "receipt and release of claim" was procured from her under duress, fraud and deceit. The allegations of the complaint are duly put in issue by Clarence's answer. The ten-page complaint sets out with particularity the circumstances constituting fraud and the relationship of each of the codefendants to the subject matter of the action. None of the codefendants are charged with the commission of the fraud, duress or deceit. This charge is directed at Clarence Harlow alone. Bill Harlow and Kenneth Harlow are the sons of Ruth and Carl, and they are made parties so that the action could be fully and finally disposed of. All of the other defendants are made parties by reason of the fact that they may have certain information and records which Ruth contends she may need in the establishment of her claim. The mere fact that a party may possess information which is pertinent to the action does not justify inclusion as a party to the action. No right to any relief has been sought against any person other than Clarence Harlow, Harlow Motor Company and Harlow Motor Company, Inc. All information and records legally pertinent to the issue can be properly secured by the taking of depositions.

■ A record may reflect grave doubt that a claimant may prosecute his action to a successful conclusion, but he should be permitted at least to try. He should not be compelled to try his action on a motion for summary judgment. The true purpose of a summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at trial warranting a judgment in his favor against the movant. *Roberson v. Lampton*, Ky., 516 S.W.2d 838 (1974). Such is not the case here. The trial judge erroneously sustained defendant's motion for a summary judgment insofar as it dismissed Ruth's action against Clarence Harlow, Harlow Motor Company, Harlow Motor Company, Inc., and her two sons, Bill and Kenneth Harlow. Insofar as the court dismissed the action against Universal C.I.T. Corporation, Ford Motor Company, First Security Bank and Bank of Neon, it acted properly.

The judgment is affirmed insofar as it dismissed the attempted appeal from the order probating the will of Carl Harlow (No. 4771) and reversed insofar as it dismissed Ruth's attack upon the September 23, 1968, settlement (No. 4772).

All concur.