## Lyons et al. v. Moise's Ex'r.

Nov. 3, 1944.

Lawrence S. Grauman and Julius Leibson for appellants.

Wallis W. Downing and Davis W. Edwards for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

The one question presented on this appeal is whether or not a claim of $13,659.68 duly proven against the estate of M. Haden Moise is barred by the statute of limitations. The master commissioner, to whom reference was made to hear and report claims against the estate in an action by the Fidelty & Columbia Trust Company as executor to settle Moise's estate, found that this claim rested upon a parol agreement between the parties and is barred by the 5 year statute. Upon exceptions being filed to the master's report, the chancellor overruled same and likewise held the 5 year statute, KRS 413.120, barred the claim, and this appeal followed. All other questions between the parties were reserved by the chancellor and the sole question before us is one of limitation.

For the purpose of this opinion we deem it unnecessary to trace the dissolution of Lyons & Company and how appellants obtained the ownership of the claim they now seek to collect from Moise's estate.

W. L. Lyons & Company, hereinafter referred to as Lyons, was an old established firm of security brokers with offices in Louisville and Lexington. In 1923 Moise, then a resident of Lexington, desired to open a trading account with Lyons and was required to first sign the usual customer's agreement, the body of which reads:

"It is understood and agreed as a condition upon which you agree to execute order given by me and carry my account that all orders given by me are given with a bona fide intention upon my part to accept and make delivery at maturity thereof on any contract or transaction made by you for my account, and according to the rules, regulations and customs of the exchange or market where the contract or transaction is executed, including amendments thereto, and such bona fide intent shall not be questioned because I see fit before maturity to close out such contract or transaction. I furthermore agree to be bound by the rules, regulations and customs prevailing in any market or exchange wherein you execute any orders as my agent at my direction, and to reimburse you for usual commissions and any advances made by you for my account.

"[Signature] M. Haden Moise."

Moise's first purchase through Lyons was made on September 24, 1923, the date he signed the agreement, and his last trading transaction with these brokers was on June 20, 1930; between these dates his purchases and sales of stocks through Lyons were numerous.

Moise was not successful in his stock deals and when he ceased trading in 1930 he owed Lyons $8,491.08 which represented advances Lyons had made him and interest thereon. On Dec. 22, 1930, Lyons agreed with Moise that he might settle this debt by paying $5,816 and it was transferred to a "suspense" account. However, Moise failed to pay the $5,816 and the settlement did not go through, and the present claim of $13,659.68 filed against his estate represents the original debt of $8,491.08 with interest from 1930. Monthly statements were rendered Moise and his account was credited with dividends on stock he owned but which was held by Lyons as collateral. The last of these dividends was received in December, 1941, and the last statement mailed Moise was on March 31, 1940, before his death on May 6, 1942.

It is the contention of Lyons that their action is

based upon a written contract and as it was brought within 15 years it is not barred by limitation; while the executor insists that the action is founded on an oral contract and the 5 year statute, KRS 413.120, bars it. Lyons urges that the contract contains a specific promise to pay for future advancements, therefore it is impossible to determine the amount due under the contract without parol testimony, which is admissible to show the sum due. It is argued by the executor that the contract was signed only for the purpose of securing oral transactions and was but incident thereto and as the 5 year statute bars an action on oral transactions, it likewise bars the writing executed for the purpose of securing them. The executor further urges that the writing was an attempt to extend the 5 year statute of limitations to 15 years and is against public policy and void.

As shown by his written opinion, the chancellor based his holding that the 5 year statute applied on the theory that the contract was at most only incidental to the debt and did not contain a promise to pay. A careful reading of the writing signed by Moise when he started trading with Lyons on Sept. 24, 1923, convinces us that the chancellor was in error in so construing this paper, the last sentence of which reads:

"I furthermore agree to be bound by the rules, regulations and customs prevailing in any market or exchange wherein you execute any orders as my agent at my direction, *and to reimburse you for usual commissions and any advances made by you for my account.*" (Our italics.)

The meaning of "reimburse" is to "pay back that which has been expended". Funk & Wagnalls New Standard Dictionary.

The instant case is easily distinguished from Prewitt v. Wortham, 79 Ky. 287, 2 Ky. Law Rep. 282. There, a mortgage was executed to secure an oral indebtedness and the court said the test as to whether the 15 year statute, KRS 413.090, applied was whether an action could be brought and recovery had upon the mortgage as a substantive agreement. The mortgage contained no promise to pay and the 5 year statute was held applicable. In the case at bar, Moise expressly agreed to reimburse Lyons for any advancements made him and as

the action was instituted upon this written promise, the 15 year statute of limitations applies.

The executor correctly states the rule that a contract partly in writing and partly oral is in legal effect an oral contract and is governed by the period of limitation applicable thereto, 17 C. J. S., Contracts, sec. 9, p. 327; and if the writing is so indefinite as to make it necessary to resort to parol testimony to complete the contract, it will be treated as an oral contract in applying the statute of limitations, 37 C. J. sec. 96, p. 763. However, if the written contract contains a definite promise to pay but does not name the amount, the fact that the amount must be ascertained by evidence aliunde does not bring the contract into the category of one partly in writing and partly oral, but it remains a complete, written contract and is controlled by the limitation applicable to written contracts. It would be otherwise if parol evidence were necessary to show the promise. 34 Am. Jur. sec. 80, p. 71; Parker-Washington Co. v. Dennison, 267 Mo. 199, 183 S. W. 1041; Annotations 111 A. L. R. 986.

The case at bar is not greatly different from W. T. Rawleigh Co. v. Graham, 4 Wash. 2d 407, 103 P. 2d 1076, 1078, 129 A. L. R. 596, as to the legal principle involved. There, suit was instituted against the sureties on the purchaser's contract wherein the sureties agreed to pay for goods the company sold the purchaser. The defense was that the writing was incomplete and that the contract rested in parol because it was necessary to prove aliunde the sum owing under it. But the court held that the writing contained a promise to pay and "furnishes an objective standard for the ascertainment of any amount due thereunder"; and applied the limitation controlling written contracts. The same may be said of the writing executed by Moise—the objective standard therein contained is "I furthermore agree * * * to reimburse you for usual commissions and any advances made by you for my account". The amount advanced Moise may be ascertained by parol evidence.

We cannot regard seriously the executor's contention that this contract was an attempt to extend the statute of limitations on a parol agreement from 5 to 15 years and is therefore void as being against public policy. It is true that we have written that statutes of limitations are statutes of repose and that it is against

the public policy of this State for them to be extended by contract. Wright v. Gardner, 98 Ky. 454, 33 S. W. 622, 35 S. W. 1116, 17 Ky. Law Rep. 1345; Kentucky River Coal & Feed Co. v. McConkey, 271 Ky. 261, 111 S. W. 2d 418. But this does not mean that the contracting parties are forbidden to reduce their oral agreement to writing so as to invoke the 15 year statute where the 5 year one would have applied had the agreement been permitted to remain in parol.

The judgment is reversed for proceedings not inconsistent with this opinion.