## Fidelity & Columbia Trust Co. v. Lyons et al.

September 24, 1946.

Davis W. Edwards and Wallis Downing for appellant.

Julius Leibson and Lawrence S. Grauman for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

On the first appeal, Lyons et al. v. Moise's Ex'r, 298 Ky. 858, 183 S. W. 2d 493, we held Lyons' claim against Moise's executor, a part of which is in dispute on this appeal, was not barred by the five-year Statute of Limitations, KRS 413.120, because it arose out of a written contract, the pertinent part of which is copied in the above styled opinion. The facts concerning the transaction between appellant's decedent and appellee also are stated in that opinion, for which reason we will not iterate them herein.

Appellant now admits the decedent was indebted to appellee in the sum of $2,707 plus interest from January 1, 1931; but pleads failure to list the writing for taxation bars appellee's right to recover; and further contends the Chancellor erred in rendering judgment for the additional sum of $5,816, plus interest from December 22, 1930, the date this amount was transferred from

the active account to the "open suspense" account on appellee's books. In support of this contention, it is argued: (1) Appellee rendered monthly statements to appellant's decedent from January, 1931, until his death in May, 1942, for the active account only, wherefore that sum is conclusive of the amount of appellee's claim in the absence of fraud, error, or mistake; and (2) the item of $5,816 plus interest carried in the "open suspense" account was not transferred to the active account until after the debtor's death, consequently was not an entry in the "usual course of business", within the meaning of Section 606(6) of the Civil Code of Practice; and, since appellee's books were the only evidence introduced in support of the claim, the evidence did not support the judgment.

The argument presented in (1), supra, overlooks the evidence of appellee's bookkeeper, who testified that, in addition to rendering monthly statements of the active account, she rendered appellant's decedent a statement of the "open suspense" account at the end of each auditing period, which occurred as often as three times a year. This evidence stands uncontradicted, and refutes the hypothesis upon which argument (1) is founded. For this reason (if for no other), the first contention must be rejected.

We are of the opinion that contention (2) likewise is without merit, for the following reasons: Appellee's records, introduced and verified by the person having them in charge, show the various transactions between the parties from September 24, 1923, the date of execution of the written contract hereinbefore referred to, until they ceased trading on June 20, 1930. The balance owing appellee at that time was $8,491.08. This balance represented advancements made to Moise by appellee and interest thereon, and no part thereof ever has been paid. On December 22, 1930, $5,816 of the account was transferred to "open suspense", leaving a balance of $2,675.-08 in the active account. This account, by adding interest for the remainder of the year 1930, was resolved in the agreed amount of $2,707.98 as of January 1, 1931. In appellant's exceptions to the allowance of more than $2,707.98, it appears that appellee agreed to accept this amount in payment of the entire claim, which was the reason for transferring the balance to "open suspense";

but the records of appellee show the compromise was never consummated, and appellant, upon whom the burden of payment rested, failed to introduce any evidence that any payment ever was made on any part of the debt sued on. We are not concerned with appellee's method of keeping books, and so far as the evidence of the debt is concerned, it makes no difference whether all or part of it was carried in an active or inactive account; therefore, the transfer from the "open suspense" account to the active account did not raise the dignity of the claim. As we view the record, and disregarding the entry made after the death of Moise, the evidence is uncontradicted that the claim as allowed by the Commissioner and adjudged by the Court is just, due, and owing appellee.

Finally, it is contended that appellee's failure to list the written contract for taxation is a bar to its right to recover the debt, under the provisions of KRS 132.-300, which reads: "In addition to the penalties provided in KRS 132.290, failure to list any note or bond shall be a bar to any action upon the note or bond in any court and may be pleaded as a complete defense, but the holder thereof may at any time pay all taxes, penalties and accrued interest and thereupon be relieved from the defense."

The definition of "note" has been clothed in various language, but all writers agree that it must contain the following elements: A written promise by one person to pay to the bearer, or to another therein named or to his order, a fixed sum of money, at a time specified therein, or at a time which must certainly arrive, and usually, but not necessarily, at a designated place. 7 Am. Jur., p. 795, Sec. 11, and annotated cases. A bond is a written obligation (at common law under seal) of a person to pay to bearer, or to a person named or his order, a certain sum of money on a day named; but, unlike a note, it may be conditioned upon the doing or failure to do some particular act. 8 Am. Jur., p. 709, Sec. 5, and annotated cases. Irrespective of the distinguishing or resembling characteristics of a note and a bond, each, unless otherwise provided by Statute, must contain at least one element which is lacking in the written instrument under consideration, viz., the fixing of a sum certain to be paid. Since the instrument under consideration

does not contain this element, it cannot be construed to be either a note or a bond, within the meaning of KRS 132.290, and therefore is not required to be listed for taxation as a prerequisite to its holder's right to recover.

The judgment is affirmed.