**MILLS v. McGAFFEE et al.**

Court of Appeals of Kentucky.
Jan. 30, 1953.

Cleon K. Calvert, Pineville, for appellant.

A. E. Funk, Jr., Middlesboro, for appellees.

STEWART, Justice.

This action in assumpsit was brought against the members of the Lone Jack Board of Education of Bell County by plaintiff below and appellant here, Sawyer A. Mills, to recover $774, with interest thereon at 6% per annum from October 1, 1945, claimed to be the balance due him on an alleged contract of employment with the board. Mills' petition was dismissed and he appeals.

The case was submitted to the circuit judge on a written stipulation, the material portions of which are: On July 1, 1944, appellees employed Mills as the board secretary for a term of two years, ending July 1, 1946, at a salary of $86 per month; that an order was written on the minute book of the board, setting forth the foregoing facts of employment, signed by the chairman of the board and by Mills as secretary; that Mills was qualified to perform the work required of him; and that Mills accepted the employment and filled the position until October 1, 1945, when the board, without any notice or hearing or excuse given, entered another order discharging Mills. This action was instituted on September 4, 1951, more than 5 years from the expiration date of the contract.

The precise question raised on this appeal is: Did the written order of the school board in the minute book evidencing the

agreement constitute such a contract in writing as to remove an action thereon from the application of KRS 413.120(1), the 5-year statute of limitations, and make KRS 413.090(2), the 15-year statute of limitations, controlling?

Appellees argue that the entry in the minute book is nothing more than a written memorandum or note evidencing an oral agreement between the board and Mills and that, although KRS 371.010(7) specifically provides that such a written memorandum or note signed by the party to be charged shall remove a contract from the provisions of the statute of frauds, the agreement does not cease to be an oral one. Furthermore, appellees contend the 5-year statute of limitations has no such exception as that mentioned in the statute of frauds and they claim KRS 413.120(1), in that it requires the contract to be wholly in writing, applies here because they insist this is an action upon an oral contract which Mills seeks to prove solely by a written memorandum. We agree that, if the contract be partly oral and partly in writing or if a written agreement is so indefinite as to necessitate a resort to parol testimony to make it complete, the 5-year statute of limitations concerning "contracts not in writing" would be applicable just as though the contract had rested entirely in parol. 53 C.J.S., Limitations of Actions, § 68, p. 1030.

A written contract is one which is all in writing, so that all its terms and provisions can be ascertained from the instrument itself. 45 Words & Phrases, p. 605; 53 C.J.S., Limitations of Actions, § 60, p. 1017. The cases generally hold that a written instrument which sets forth the undertaking of the persons executing it or discloses terms from which such an undertaking can be imported, and which shows the consideration for the undertaking, and which identifies the parties thereto, will be considered a contract in writing. See Annotation to 3 A.L.R.2d, Sec. 2, p. 812, et seq., wherein many cases are cited upholding the above principles.

There can be little doubt that the entry in the minute book stated every essential item necessary to create the entire contract between the board and Mills. The board, according to the writing, employed Mills as its secretary at a stated salary for a period of two years, beginning and ending at a definite date, and both the board through its chairman and Mills as secretary signed the minute book. Mills entered upon his employment and worked as secretary for 15 months. No material provision is omitted from the agreement, and there is no need to resort to parol evidence to complete the contract. And there was every intention that the written instrument should be the final contract between the parties. We are of the opinion the writing discloses the entire agreement; therefore, it is such a written contract between the parties as to make the 15-year statute of limitations applicable to it.

Wherefore, the judgment is reversed with directions that it be set aside and a new one entered in conformity with this opinion.