RENDERED: APRIL 7, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1517-MR

SARAH CORNETT                                                       APPELLANT

|  |  |  |
|---|---|---|
| v. | APPEAL FROM FAYETTE CIRCUIT COURT HONORABLE ERNESTO SCORSONE, JUDGE ACTION NO. 19-CI-03999 | |

STUDENT LOAN SOLUTIONS, LLC,
SUCCESSOR IN INTEREST TO
BANK OF AMERICA, N.A.; PAMELA
S. PETAS; SARAH A. OKRZYNSKI;
THE LAW OFFICE OF SARAH A.
OKRZYNSKI, LLC; AND WILLIAMS
& FUDGE, INC.                                         APPELLEES

OPINION
AFFIRMING IN PART,
VACATING IN PART, AND REMANDING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Sarah Cornett brings this appeal from an October 6, 2021,

Order of the Fayette Circuit Court granting summary judgment in favor of Student

Loan Solutions, LLC, Successor in Interest to Bank of America, N.A. (Student Loan Solutions), Williams & Fudge, Inc., the Law Office of Sarah A. Okrzynski, LLC, Sarah A. Okrzynski, and Pamela S. Petas. We affirm in part, vacate in part, and remand.

This case involves a student loan made by Bank of America (Bank) to Cornett in 2008 for the sum of $12,852 with interest of 8.248 percent. It is undisputed that Cornett eventually defaulted by only making a partial payment on May 5, 2014. As a result, the Bank accelerated the loan, thus making the full loan balance due in September 2014. Cornett did not pay the loan balance, and the Bank sought the services of a collection agency, Williams & Fudge. Eventually, Student Loan Solutions acquired by assignment Cornett's student loan from the Bank, and the Law Office of Sarah A. Okrzynski was retained as counsel to assist in collecting the student loan.

On November 8, 2019, Student Loan Solutions filed an action in the Fayette Circuit Court against Cornett. Therein, Student Loan Solutions alleged that Cornett defaulted and breached the terms of her student loan agreement. Student Loan Solutions sought to recover the "amount of $14,892.43, interest accrued through May 22, 2019[,] in the amount of $274.94, with statutory post judgment interest at the rate of 6.000% per annum from the date of judgment until paid, reasonable attorney fees and court costs[.]" Complaint at 2.

Cornett filed an answer and specifically raised the affirmative defense of the statute of limitations. Cornett also filed "counterclaims" against Student Loan Solutions, Williams & Fudge, the Law Office of Sarah A. Okrzynski, LLC, Sarah A. Okrzynski, and Pamela S. Petas. Therein, Cornett claimed that Student Loan Solutions, Williams & Fudge, the Law Office of Sarah A. Okrzynski, Okrzynski, and Petas (collectively referred to as appellees) violated both the Fair Debt Collection Practices Act (FDCP), 15 United States Code (U.S.C.) § 1692-1692 *et seq.* and the Kentucky Consumer Protection Act (KCPA), Kentucky Revised Statutes (KRS) 367.110-367.300. Cornett sought compensatory damages, punitive damages, and attorney's fees.

Eventually, Cornett filed a motion for partial summary judgment. Cornett initially pointed out that she executed a Loan Request Credit Agreement (Credit Agreement) to obtain the student loan. Cornett maintained that the Credit Agreement contained a choice of law provision, and such provision clearly stated California law would govern any disputes thereunder. Under California law, Cornett maintained that an action for breach of an oral contract must be brought within two years (California Civil Procedure (CCP) § 339) from accrual and that an action for breach of a written contract must be brought within four years (CCP § 337) from accrual. Cornett argued that under either CCP § 339 or CCP § 337, Student Loan Solutions' action was time-barred. Additionally, Cornett cited to

KRS 413.320 as also requiring the application of California's shorter statute of limitations. Alternatively, if Kentucky's statute of limitations were applicable, Cornett argued that KRS 413.120(1), which provided that an action for breach of a contract not in writing to be brought within five years, was controlling. In particular, Cornett argued that the essential terms of her student loan agreement were not in writing:

> Cornett signed a loan request for $20,000.00 from BoA [Bank of America, N.A.]. This request, dated March 13, 2008, is the only loan document that Cornett signed. The request describes Cornett's obligations if BoA offered her a loan and if she accepted the loan, but sets forth no definite terms agreed upon by the parties. . . .
>
> . . . .
>
> [T]he alleged note disclosure statement purports to show the terms of a loan. This single-paged document is unsigned, thus representing no written agreement, and is dated March 24, 2008, eleven days after the date of Cornett's loan request. There is no evidence in this case that BoA ever sent the document to Cornett or that she ever received it, and the document does not meet minimum evidentiary requirements for admissibility, there being insufficient or no proof that the document is what SLS [Student Loan Solutions, LLC, Successor in Interest to Bank of America, N.A.] claims it to be. Additionally, the document (and/or its contents) violates the hearsay rule and falls under no recognized exception to that rule.

December 22, 2020, Motion for Partial Summary Judgment p. 12-13 (citations omitted). As the agreement for the student loan was partly in writing and partly

-4-

oral, Cornett believed Student Loan Solutions must have filed its breach of contract claim within five years after her default. Cornett maintained that Student Loan Solutions clearly failed to do so; thus, the instant action was time-barred.

In its response, Student Loan Solutions argued that the Credit Agreement's choice of law provision, favoring California law, only applied to substantive law and not to procedural law. Rather, Student Loan Solutions maintained that the law of the forum (Kentucky) governed as to the statute of limitations. Student Loan Solutions also maintained that the essential terms of the contract were written. According to Student Loan Solutions, these terms were expressed in the Credit Agreement and the Note Disclosure Statement. As a written contract, Student Loan Solutions asserted that the fifteen-year limitation period found in KRS 413.090 was controlling. Additionally, Student Loan Solutions believed the cause of action did not arise in another state; rather, the cause of action arose in Kentucky, rendering KRS 413.320 inapplicable.

Thereafter, Student Loan Solutions filed a motion for summary judgment. Student Loan Solutions argued that it was undisputed that Cornett defaulted and breached her student loan agreement. Student Loan Solutions maintained that the Kentucky's fifteen-year statute of limitations for breach of written contract (KRS 413.090) controlled, and its action was timely filed.

Consequently, Student Loan Solutions asserted it was entitled to $15,167.37 plus interest and $3,033.47 in attorney's fees.

Subsequently, appellees filed a motion for summary judgment upon claims advanced by Cornett under the FDCP and KCPA. They argued that Cornett's claims were without merit because the breach of contract action was timely filed under KRS 413.090. As to the Credit Agreement's choice of law provision stating that California law governed, appellees maintained that such choice of law provision merely applied to substantive law and not procedural law. They also asserted that the statute of limitations presented an issue of procedural law, and the law of the forum state (Kentucky) was dispositive. Appellees further believed that KRS 413.320 was inapplicable as the breach of contract claim accrued in Kentucky.

Cornett responded and maintained that she never received a copy of the Note Disclosure Statement. Consequently, Cornett argued that the Note Disclosure Statement could not be considered as part of the contract and that the Credit Agreement did not contain all the essential terms of the contract. And, if the Note Disclosure Statement were considered as part of the contract, Cornett believes that essential terms were still lacking, thus necessitating parole evidence.

By order entered October 6, 2021, the circuit court denied Cornett's

motion for summary judgment and granted appellees' motions for summary

judgment. In so doing, the court reasoned:

> It is undisputed that [Cornett] executed and signed a student loan request credit agreement in the hope that Bank of America would provide her a student loan. The cause of action accrued in Kentucky because that is where [Cornett] applied for the loan, attended school, paid back part of the loan, and then defaulted on the loan. The student loan request credit agreement states that, ". . . the provisions of this credit agreement will be governed by federal law and the laws of the state of California . . . ," but the Sixth Circuit has interpreted clauses such as that one to apply only to substantive law and not to procedural law[.]
>
>      . . . .
>
> The student loan request credit agreement did not contain all the terms of the agreement; the missing terms can be found in the note disclosure statement that [Cornett] says she never received. Assuming, arguendo, that [Cornett] never received the note disclosure statement (that was incorporated by reference into the student loan request credit agreement), the student loan request credit agreement still represents a definite promise to pay. . . . The student loan request credit agreement goes on to describe the procedure for cancelling the loan, requiring that if the loan's terms (laid out in the credit agreement and the disclosure statement) do not meet the borrower's expectations, the borrower may cancel the loan within 10 days in writing and return the money. It is undisputed that [Cornett] never gave written notice that she was cancelling the loan, nor did she return the money. The Court does not accept [Cornett]'s argument that the 5-year statute of limitations for oral agreements applies in this case. Instead, the Court relies on the holding from

> *Lyons v. Moise's Ex'r*, 298 Ky. 858, 183 S.W.2d 493
> (1944). . . .
>
> In that case, as in this case, there existed a promise to
> pay, although the signed promise did not include the
> exact amount that would have to be repaid.  In the
> present case it is undisputed that [Cornett] executed and
> signed the promise to pay.  It is also undisputed that
> [Cornett] subsequently defaulted by failing to pay the
> amount owed. . . .

October 6, 2021, Order at 2-4.  The circuit court awarded Student Loan Solutions a

total of $18,200.84.[1]  This appeal follows.

To begin, summary judgment is proper where there exists no material

issue of fact and movant is entitled to judgment as a matter of law.  *Steelvest, Inc.*

*v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991).  All facts and

inferences therefrom are viewed in a light most favorable to the nonmoving party.

*Id.*  Additionally, our review of a summary judgment is always *de novo.  Seiller*

*Waterman, LLC v. Bardstown Cap. Corp.*, 643 S.W.3d 68, 74 (Ky. 2022);

*Cunningham v. Kroger Ltd. P'ship I*, 651 S.W.3d 199, 202 (Ky. App. 2022).

Cornett contends that the circuit court erred by rendering summary

judgment concluding that Student Loan Solution's breach of contract claim was

not time-barred.  In particular, Cornett argues that the circuit court erroneously

decided that KRS 413.320 did not require application of California's statute of

---

[1] In particular, the circuit court awarded $15,167.37, including interest, and $3,033.47 in
attorney's fees.

-8-

limitation. Cornett maintains that the breach of contract action accrued in California; thus, under KRS 413.320, the foreign jurisdiction's statute of limitation governs if it is shorter than Kentucky's statute of limitation. Cornett points out that California's limitation periods are four years upon a written contract (CPP § 337) and two years upon a nonwritten contract (CPP § 339). Whereas, Kentucky's limitation periods are fifteen years for a written contract (KRS 413.090) and five years for a nonwritten contract (KRS 413.120). As California's limitation periods are shorter, Cornett argues that KRS 413.320 requires application of California's limitation periods. Cornett asserts that under either CPP § 337 or CPP § 339, Student Loan Solutions' action for breach of contract is time-barred, and the circuit court erred by not so concluding.

> KRS 413.320 reads:
>
> When a cause of action has arisen in another state or country, and by the laws of this state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period.

KRS 413.320 is commonly referred to as Kentucky's borrowing statute. *Abel v. Austin*, 411 S.W.3d 728, 735 (Ky. 2013); *Stivers v. Ellington*, 140 S.W.3d 599, 600 (Ky. App. 2004). Thereunder, when an action is filed in Kentucky, "the Kentucky statute of limitations is controlling, unless the limitation period is shorter in the

state where the action arose." *Stivers*, 140 S.W.3d at 600 (citation omitted). It must be stressed that KRS 413.320 only applies if the cause of action arose in another state. *Abel*, 411 S.W.3d 736-37.

To determine where an action arose pursuant to KRS 413.320, it has been observed:

> The time when a cause of action arises and the place where it arises are necessarily connected, since the same act is the critical event in each instance. *The final act which transforms the liability into a cause of action necessarily has both aspects of time and place. It occurs at a certain time and in a certain geographical spot.*
>
> *Id.* at 51 (emphasis added). Because "when" a cause of action accrues is closely connected to "where" it accrues, knowing when the "final act" occurred that ripened the matter into a cause of action aids in ascertaining *where* the cause of action accrued.

*Abel*, 411 S.W.3d at 736 (quoting *Helmers v. Anderson*, 156 F.2d 47, 50 (6th Cir. 1946)). A breach of contract action is said to ripen or accrue at the time of its breach – that is, the date of the "promised performance." *Finley v. Thomas*, 107 S.W.2d 287, 288 (Ky. 1937); *see also* RONALD W. EADES, KENTUCKY LAW OF DAMAGES § 12:14 (2022).

In this case, Student Loan Solutions' action arose or accrued when Cornett breached the contract and failed to make timely payments. And, Cornett was in Kentucky when she failed to make such timely payments, so we are

-10-

compelled to conclude that the breach of contract action arose in Kentucky and that KRS 413.320 is inapplicable.

Cornett alternatively claims that the circuit court erroneously applied the Kentucky fifteen-year statute of limitation applicable to a written contract (KRS 413.090). Instead, Cornett argues that the five-year statute of limitation (KRS 413.120) controls. Cornett maintains that the essential terms of the student loan agreement were not reduced to writing. Cornett acknowledges that she signed the Credit Agreement but points out that the Credit Agreement failed to set forth the correct amount of the loan, the amount due monthly, or the loan origination fee. Cornett also points out that she neither received a copy of nor signed the Note Disclosure Statement. Consequently, Cornett believes the Note Disclosure Statement cannot be viewed as part of the student loan agreement. Cornett further argues that the Note Disclosure Statement should not be considered because:

> The disclosure statement is unsigned and the maker unidentified. Student Loan Solutions identified no one with personal knowledge of the document or its contents when it was made. There is insufficient proof that the document is what Student Loan Solutions claims it is. [Kentucky Rules of Evidence] KRE 901. The disclosure statement and its contents also violate the hearsay rule and fall under no recognized exception to the rule. KRE 802 and KRE 805. Evidence offered in support of summary judgment must be admissible. *Hubble v. Johnson*, 841 S.W.2d 169, 171 (Ky. 1992).

Cornett's Brief at 15-16 (citations omitted). Therefore, Cornett asserts that the

five-year statute of limitation (KRS 413.120) controls, and it is undisputed that the

current action is time-barred thereunder.

In *Mills v. McGaffee*, 254 S.W.2d 716 (Ky. 1953), the Supreme Court

was faced with the issue of whether the five-year limitation period for a nonwritten

contract or the fifteen-year limitation period for a written contract controlled. In

making this determination, the Supreme Court differentiated between a nonwritten

contract and written contract:

> [I]f the contract be partly oral and partly in writing or if a
> written agreement is so indefinite as to necessitate a
> resort to parol testimony to make it complete, the 5-year
> statute of limitations concerning 'contracts not in writing'
> would be applicable just as though the contract had rested
> entirely in parol. 53 C.J.S., *Limitations of Actions*, § 68,
> p. 1030.
>
> A written contract is one which is all in writing, so
> that all its terms and provisions can be ascertained from
> the instrument itself. 45 *Words & Phrases*, p. 605; 53
> C.J.S., *Limitations of Actions*, § 60, p. 1017. The cases
> generally hold that a written instrument which sets forth
> the undertaking of the persons executing it or discloses
> terms from which such an undertaking can be imported,
> and which shows the consideration for the undertaking,
> and which identifies the parties thereto, will be
> considered a contract in writing. *See* Annotation to 3
> A.L.R. 2d, Sec. 2, p. 812, *et seq*[.]

*Mills*, 254 S.W.2d at 717.

-12-

In this case, it is uncontroverted that the Credit Agreement was reviewed and signed by Cornett. Relevant to this appeal, the Credit Agreement specifically provided:

> By signing this Credit Agreement and submitting it to the Lender, I am requesting that you make this loan to me in an amount equal to the Loan Amount Requested plus any Loan Origination Fee described in Paragraph F of this Credit Agreement. If you approve this request and agree to make this loan, you will notify me in writing and provide me with a Disclosure Statement, as required by law, at the time the loan proceeds are disbursed. The Disclosure Statement is incorporated herein by reference and made a part hereof. The Disclosure Statement will tell me the amount of the loan which you have approved, the amount of the Loan Origination Fee, the other important information. I will let you know that I agree to the terms of the loan as set forth in this Credit Agreement and in the Disclosure Statement by doing either of the following: (a) endorsing or depositing the check that disburses the loan proceeds; or (b) using or allowing the loan proceeds to be used on my behalf without objection. Upon receipt of the Disclosure Statement, I will review the Disclosure Statement and notify you in writing if I have any questions. If I am not satisfied with the terms of my loan as disclosed in the Disclosure Statement, I may cancel my loan. To cancel my loan, I will give you a written cancellation notice within ten (10) days after I receive the Disclosure Statement. If loan proceeds have been disbursed, I agree that I will immediately return the loan proceeds to you, will not endorse any check which disburses the loan proceeds and will instruct the School to return any loan proceeds to you. . . .

Credit Agreement at 2.

The above provisions of the Credit Agreement are clear and unambiguous. Thereunder, Cornett was informed that she would receive the disclosure statement before distribution of the loan proceeds. Of import, the disclosure statement was plainly incorporated by reference into the Credit Agreement. Additionally, under the Credit Agreement, Cornett was deemed to have accepted the terms of the disclosure statement if she endorsed and deposited the loan check or utilized the loan proceeds. Cornett was also given the right to cancel the loan. It is undisputed that Cornett utilized the loan proceeds and failed to cancel the loan. Thus, by utilization of the proceeds from the student loan, Cornett accepted the terms of the Note Disclosure Statement.

As to Cornett's evidentiary concerns regarding the Note Disclosure Statement, the Note Disclosure Statement was filed with the affidavit of Christopher Ruh, executive vice president of Williams & Fudge and general manager of Student Loan Solutions. In his affidavit, Ruh stated that he had "access to the business records relating to the student loan accounts that are maintained in the ordinary course of business" and that he possessed "personal knowledge of the operation of and the circumstances surrounding the preparation, maintenance, and retrieval of [such] records." Ruh Affidavit at 1-2. Thus, it appears that the Note Disclosure Statement would be admissible under the business records exception (Kentucky Rules of Evidence 803(6)) to the hearsay rule. *See*

*Augenstein v. Deutsche Bank National Trust Co.*, 647 S.W.3d 857, 861-62 (Ky. App. 2021).

Viewing the facts most favorable to Cornett, we believe the student loan agreement constituted a written contract and that the fifteen-year limitation period of KRS 413.090 controls. While it is true that the Credit Agreement did not set forth the essential terms of the loan, the Credit Agreement coupled with the Note Disclosure Statement did so. *See Mills*, 254 S.W.2d at 717. Therefore, we conclude that the student loan agreement was a written contract, the fifteen-year limitation period governs, and this action was timely filed.

Cornett further asserts that the circuit court erred by rendering summary judgment dismissing her claims under both the FDCP and the KCPA. Specifically, Cornett maintains that appellees violated FDCP and KCPA by sending her a collection letter dated June 26, 2019, demanding payment of $18,959.21 to satisfy her student loan debt.[2] Cornett points out that the sum of $18,959.21 was incorrect and was $758.37 more than she, in fact, owed. According to Cornett, the balance due was $15,167.37, including interest, and $3,033.47 in attorney's fees, for a total of $18,200.84, which represented the amount actually awarded by the circuit court. Cornett argues that such a

---

[2] The collection letter was sent by the office of attorney Sarah A. Okrzynski on behalf of Student Loan Solutions, LLC.

-15-

misrepresentation of the actual amount owed constitutes a clear violation of both the FDCP and KCPA.

The record contains three affidavits relied upon by Student Loan Solutions to establish the damages flowing from Cornett's breach of the student loan agreement – two affidavits of Ruh, as general manager of Student Loan Solutions and as executive vice president of Williams & Fudge, and one affidavit of Petas, as counsel employed in the law office of Sarah A. Okrzynski. In his affidavits, Ruh averred that Cornett owed a total of $15,167.37 upon the student loan. And, in her affidavit, Petas stated that the law office was retained on a 20 percent contingency fee arrangement and that the attorney fee due was $3,033.47, which represented 20 percent of $15,167.37. So, Student Loan Solutions only sought to recover a total of $18,200.84, and the circuit court, in fact, awarded such sum.

In its appellate brief, appellees fail to specifically explain the difference between the amount sought by it in the collection letter ($18,959.21) and the amount sought by it in the action below and ultimately awarded to it by the circuit court ($18,200.84). Appellees did maintain that Cornett failed to file a response to the motion for summary judgment upon her claims under the FDCP and KCPA. As a result, appellees argue that Cornett waived any argument on appeal.

-16-

As to summary judgment, it is well-established that movant bears the initial burden of demonstrating that no material issue of fact exists. *Martin v. Wallace*, 651 S.W.3d 753, 756-57 (Ky. 2022). After the movant does so, the onus is then on the nonmoving party to raise a material issue of fact to preclude summary judgment. *Id.*

Here, the movants (appellees) failed to demonstrate that no material issue of fact exists. Rather, the facts indicate that the collection letter demanded $18,959.21 to satisfy the student loan debt, yet the actual outstanding amount owed appears to be $18,200.84. A false statement as to the amount actually owed upon a debt may constitute a violation of the FDCP and/or KCPA. 15 U.S.C. § 1692e; *Obduskey v. McMarthy & Holthus LLP*, 139 S. Ct. 1029, 1036 (2019); KRS 367.170; *Skilcraft Sheetmetal, Inc. v. Kentucky Machinery, Inc.*, 836 S.W.2d 907, 909 (Ky. App. 1992).[3]

Accordingly, we conclude that material issues of fact preclude summary judgment on Cornett's claims under the FDCP and KCPA and that the circuit court erred by deciding otherwise. Upon all other issues presented by Cornett, we affirm the circuit court.[4]

---

[3] Our Opinion should be only construed as holding that at this point in the proceeding and upon the issues presented herein, summary judgment was improper and premature upon Sarah Cornett's claims under the Fair Debt Collections Practices Act and the Kentucky Consumer Protection Act.

[4] We view any remaining contentions of error to be moot or without merit.

For the foregoing reasons, the Order of the Fayette Circuit Court is affirmed in part, vacated in part, and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

James D. Decker
Lexington, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEES:

Boyd W. Gentry
Beavercreek, Ohio